UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DYNAMIC VISIONS and CHIEF BONGAM,    *
   *
       Plaintiffs,    *
   *
       v.    *    Civil Action No. 10-10864-JLT
   *
DEPT. OF HEALTH & SERVICES, et al.,    *
   *
       Defendants.    *

MEMORANDUM

April 20, 2011

TAURO, J.

I.     Introduction

This action concerns a challenge by Dynamic Visions and Chief Bongam ("Plaintiffs") to a

determination of Kathleen Sebelius, the Secretary of Health and Human Services ("Secretary"),

that terminated the Medicare provider agreement of Dynamic Visions Home Health Services, Inc.

("Dynamic Visions"). The Defendants are the Secretary and the U.S. Attorney General Eric H.

Holder (collectively, "federal Defendants"), and Massachusetts Attorney General Martha Coakley

("state Defendant").[1] Presently at issue are two unopposed motions to dismiss, the federal

Defendants' Motion for Dismissal for Lack of Subject Matter Jurisdiction [#21] and the state

Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction [#23]. For the following

---

[1] As explained in the state Defendant's Motion to Dismiss,
In the summons, the plaintiffs listed the "Department of Health Services" as the defendant,
but there is no Massachusetts agency by that name. Further, although plaintiffs sent a
copy of the complaint to the address for the Massachusetts Executive Office of Health and
Human Services ("EOHHS"), EOHHS had no involvement in the events underlying the
complaint. In fact, no state agency terminated the plaintiffs' Medicare provider
agreement; that action was taken by the U.S. Secretary of Health and Human Services.
State Defs.' Mot. Dismiss Lack Subject-Matter Jurisdiction, 1 [#23].

reasons, both Motions are ALLOWED.

II.     Background[2]

Plaintiffs bring this action in response to the termination of Plaintiff Dynamic Visions as a

Medicare provider.[3] Initially, Plaintiffs allege that "[t]his is a Federal Question case."[4] Plaintiffs

contend that the "Department of Health and Human Services has not explained properly, . . . since

within ten days of it proposed [sic] terminating this business, to tell our office just what current

requirements of the act . . . , what literally has to be done now, in a 90 day time period, to correct

these alleged violations [sic]."[5]

III.    Discussion

A.      The Medicare Act and Implementing Regulations

Created under the Medicare Act,[6] the Medicare program is a national program of health

insurance for aged and disabled people that is administered by the Secretary through Centers for

Medicare and Medicaid Services.[7] An entity that provides certain health care services can become

---

[2] Because the issues analyzed here arise in the context of two Motions to Dismiss, this court must present the facts as they are related in Plaintiffs' Amended Complaint, see Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construe those facts in the light most favorable to Plaintiffs, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)). Plaintiffs' Amended Complaint, however, provides little in the way of concrete facts.

[3] See Am. Compl., 1 [#10] ("In your May 14, 2010 letter, you claim that this home health service 'No [sic] longer meets the requirements for participation as a Medicare provider established Under [sic] Title XVIII of the Social Security Act['] . . . .").

[4] Am. Compl., 1 [#10].

[5] Am. Compl., 1 [#10].

[6] 42 U.S.C. § 1395 et seq.

[7] See id.

eligible for payments under the program if it has in place a provider agreement and meets a range of health, safety, and administrative requirements.[8]

The Secretary "may refuse to renew or may terminate" a Medicare provider agreement with a provider.[9] A provider may seek judicial review of such a decision by the Secretary only after exhausting administrative remedies.[10] To exhaust administrative remedies under the Medicare Act, a dissatisfied provider must first seek review before an Administrative Law Judge ("ALJ").[11] If the provider is dissatisfied with the ALJ's decision, the provider may then seek appellate review before the Departmental Appeals Board ("DAB").[12] If the provider is then dissatisfied with the decision of the DAB, or the DAB declines to review, the provider may then, and only then, seek judicial review.[13]

Indeed, <u>any</u> claim "arising under" the Medicare Act must be reviewed in this process.[14] Such claims include "claims of program eligibility" and "claims that contest a sanction or remedy."[15]

---

[8] See id. § 1395x(o) (defining "home health agency"); see also id. §§ 1395cc(b)(2), 1395bbb.

[9] Id. § 1395cc(b)(2); see id. § 1395bbb(e)(1).

[10] Id. § 405(g).

[11] 42 C.F.R. § 498.5(b) ("Any provider dissatisfied with an initial determination to terminate its provider agreement is entitled to a hearing before an ALJ.").

[12] See id. §§ 498.2, 498.92, 498.83(b).

[13] 42 U.S.C. § 405(g); 42 C.F.R. § 498.95(a). To seek judicial review, a provider must commence a civil action within sixty days of receipt of the notice of the DAB's decision. 42 U.S.C. § 405(g); 42 C.F.R. § 498.95(a).

[14] See 42 U.S.C. §§ 405(h), 1395ii.

[15] Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 7, 12–14 (2000).

B.      The Standard for a Rule 12(b)(1) Motion

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction.  A plaintiff carries the burden of demonstrating the existence of federal jurisdiction—that is, "federal jurisdiction is never presumed."[16]  If a plaintiff fails to exhaust administrative remedies, a motion to dismiss for lack of subject matter jurisdiction "may be appropriate."[17]

C.      Analysis

Here, Plaintiffs carry the burden of demonstrating the existence of federal subject matter jurisdiction.  Plaintiffs' sole allegation of jurisdiction, that "[t]his is a Federal Question case,"[18] does not satisfy their burden under Rule 12(b)(1).  Because Plaintiffs' claims arise under the Medicare Act, Plaintiffs cannot pursue judicial review before they have exhausted their administrative remedies.  The Amended Complaint provides no indication that Plaintiffs have pursued any such remedies.  Additionally, Plaintiffs have not opposed the Motions to Dismiss. For these reasons, this court is not persuaded that it has subject matter jurisdiction over Plaintiffs' claims, and this action must be dismissed.

---

[16] Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998); see Thomson v. Gaskill, 315 U.S. 442, 446 (1942) ("[I]f a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 188–89 (1936))); Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) ("'[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" (quoting Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993))).

[17] United States v. Lahey Clinic Hosp., Inc. 399 F.3d 1, 8 n.6 (1st Cir. 2005) (citing Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275 (1st Cir. 1999); Deniz v. Municipality of Guaynabo, 285 F.3d 142 (1st Cir. 2002)).

[18] Am. Compl., 1 [#10].

IV.    Conclusion

For the foregoing reasons, the federal Defendants' Motion for Dismissal for Lack of

Subject Matter Jurisdiction [#21] and the state Defendant's Motion to Dismiss for Lack of

Subject-Matter Jurisdiction [#23] are ALLOWED.

AN ORDER HAS ISSUED.

                                         /s/ Joseph L. Tauro
                                        United States District Judge